IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOSHUA HUMPHREY, | : | |
| Plaintiff, | : | |
| v. | : | No. 5:15-cv-00073-MTT-CHW |
| Lieutenant MARLON GRIFFITH, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendant. | : | |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Griffith. Doc. 14. Because Plaintiff failed to exhaust his available administrative remedies before filing the instant action, it is **RECOMMENDED** that the Defendant's Motion be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

### BACKGROUND

Plaintiff filed his original complaint on March 9, 2015, bringing claims against Fredrick Head, the Warden of Riverbend Correctional Facility, and Marlon Griffith, Lieutenant at Riverbend Correctional Facility. Doc. 1, p. 4. Plaintiff alleges religious discrimination as well as harassment from multiple correctional officers resulting from an encounter with Lieutenant Marlon Griffith which occurred on January 2, 2015. *Id*. at 5.

Movant's claim against Warden Head was dismissed on April 21, 2015, pursuant to 28 U.S.C. § 1915A. Doc. 11. On May 29, 2015, Marlon Griffith, the remaining defendant, filed a motion to dismiss all claims. Doc. 14. Defendant seeks dismissal for failure to exhaust administrative remedies. Plaintiff responded asserting that he followed administrative procedure

1

up to and including appealing to the central office, but his administrative appeal was not decided prior to filing the instant action. Doc. 21-1, p. 1.

## EXHAUSTION

Before this Court may address Plaintiff's claims on the merits, it must determine whether Plaintiff exhausted his available administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *Bryant v. Rich*, 530 F.3d 1368, 1372–78 (11th Cir. 2008) (noting that exhaustion is "a precondition to an adjudication on the merits"). "To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process." *Id.* (internal quotation marks omitted). This rule applies even where the administrative process is "futile and inadequate." *Alexander v. Hawk*, 159 F.3d 1321, 1325–28 (11th Cir. 1998). However, administrative remedies must be "available" for the exhaustion requirement to apply. *See, e.g.*, *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1322–26 (11th Cir. 2007).

Because exhaustion is "a matter in abatement," it is properly the subject of dismissal. *Bryant*, 530 F.3d at 1374-75. As with other matters in abatement, courts may consider facts outside of the pleadings when determining whether a prisoner properly exhausted his available administrative remedies. *Id.* at 1376. Additionally, courts may resolve factual disputes so long as those disputes do not decide the merits, and so long as the parties have a sufficient opportunity to develop a record. *Id.*

In ruling upon motions to dismiss based upon the affirmative defense of failure to exhaust, courts in this Circuit follow a two-step process established by *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008). First, courts look to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, the court takes the plaintiff's

version of the facts as true. *Turner*, 541 F.3d at 1082. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. If the complaint is not subject to dismissal based on the plaintiff's version of the facts, the court must proceed to the second step, where it makes specific findings of fact in order to resolve the disputed factual issues related to exhaustion. *Id.* At the second step, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. *Id.*

## AVAILABLE ADMINISTRATIVE REMEDIES

During the period relevant to this case, the following two-step grievance policy was in effect at Riverbend Correctional Facility as contained in their Policy and Procedure Manual. Following a grievable event, a prisoner had ten days to initiate a grievance by filing a grievance form with a Case Manager. Doc. 14, p. 13. The case manager would then screen the grievance to determine if it complied with the technical requirements of Riverbend's grievance procedure. Doc. 14, p. 13. Violation of grievance procedure would result in rejection of the grievance; otherwise, the grievance would be investigated and referred to the Warden for decision. *Id*. at 14. Following rejection or an adverse decision, the prisoner then had seven days to file an appeal to the Central Office, and Central Office would respond within 100 days. Doc. 14, p. 15. This two-step process was made known to all individuals incarcerated at Riverbend Correctional Facility. Doc. 14, p. 5.

## ANALYSIS

In applying *Turner* to this case, Defendant is entitled to dismissal at step one. Plaintiff alleges that the aggrieved behavior began on January 2, 2015, and has supplemented the record to show that he filed a grievance on January 8, 2015. Doc. 21-2. Plaintiff's grievance was denied

3

on February 3, 2015, (Doc. 21-3, p. 1), and Plaintiff filed an appeal seven days later on February 10, 2015. Doc. 21-2. Plaintiff's appeal was denied on April 1, 2015, (Doc. 21-4), but the instant action was filed before Plaintiff's appeal was decided. Doc. 1, p. 4. This lawsuit was filed on March 9, 2015. Doc. 21-4, p. 1. Thus, accepted as true, Plaintiff's Exhibits and allegations show that Plaintiff failed to exhaust all of his administrative remedies *prior* to filing the instant action—Plaintiff's appeal had not yet been resolved. Defendant does not contest that Plaintiff filed the instant action prior to the resolution of his administrative appeal. Doc. 14-1, pp. 5-6.

Naturally, Plaintiff argues and Respondent does not deny that Plaintiff received an order rejecting his appeal subsequent to filing this action.[1] Since Plaintiff did not wait for the Georgia Department of Correction's decision prior to filing the instant action, he did not exhaust his administrative remedies *before* this lawsuit, therefore, he did not exhaust his remedies within the meaning of the PLRA. *Stansell v. Donald*, 2009 WL 1952579, at *2 (N.D. Ga. 2009) (Citing *Lyons v. Serrano*, 205 F. App'x 719, 724 (11th Cir.2006)); See *Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276 (11th Cir. 2001) ("the plain language of this statute makes exhaustion a precondition to filing an action in federal court"); *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000) (Section 1997e(a) means that a prisoner must exhaust all administrative remedies that are available before filing suit).

"For a plaintiff to properly exhaust his administrative remedies he must complete the grievance process before filing the lawsuit, and the fact that he may have subsequently completed the grievance process after filing the lawsuit does not save the claim from dismissal under § 1997e(a)." *Gilyard v. McLaughlin*, 2015 WL 1019910, at *4 (M.D. Ga. 2015). Moreover, where a Plaintiff files an action under Section 1983 after filing an administrative

---

[1] "Plaintiff informed the courts that he was still awaiting the answer to his appeal when he filed his complaint." Doc 21-1, p. 1.

appeal but before receiving the decision, the claim is unexhausted even when the Plaintiff subsequently receives a timely denial of appeal. *Smith v. Terry*, 491 F. App'x 81, 82 (11th Cir. 2012). The only facts relevant to exhaustion are those that existed at the time that Plaintiff filed his original complaint. *Smith*, 491 F. App'x at 82. The fact is that Plaintiff had not completed the administrative appeals process when he filed the instant action.

Defendant is also entitled to dismissal at step two. In support of Defendant's motion to dismiss, defendant supplemented the record to show the following: (1) Plaintiff filed a grievance on January 8, 2015, complaining of the same January 2, 2015, conduct that forms the basis of this action (Doc. 14, p. 29); (2) this grievance was denied on February 3, 2015, following an investigation conducted by Shirley Smith, grievance coordinator (Doc. 14, p. 30); (3) Plaintiff timely filed an appeal; and (4) Plaintiff filed the instant action on March 9, 2015, (Doc. 14, p. 35), several weeks prior to the April 1, 2015, denial of his administrative appeal. Doc. 14, p. 50.

Because the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 90, 93–97 (2006), and because, accepted as true, Plaintiff's complaint states that he did not exhaust his administrative remedies prior to filing the instant action, and the record in fact demonstrates that Plaintiff did not exhaust his remedies, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED**.

## CONCLUSION

Because Plaintiff failed to exhaust his available administrative remedies, it is **RECOMMENDED** that the Defendant's Motion be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 25th day of September, 2015.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge